IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BILL W. KING, JR., and SHEET METAL WORKERS NATIONAL HEALTH FUND, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| CARLOS FERNANDEZ, | ) ) |
| Defendant. | ) |

Case No. 3:22-cv-00122

Chief Judge Waverly D. Crenshaw, Jr.
Magistrate Judge Jeffrey S. Frensley

## ENTRY OF DEFAULT

Pending is Plaintiffs' Request for Entry of Default against Carlos Fernandez. (Doc. No. 10). For the following reasons, Plaintiffs' Motion is **GRANTED**.

On February 23, 2022, Plaintiffs filed their Complaint against Mr. Fernandez. (Doc. No. 1). Summons was issued by the Clerk's Office as to Mr. Fernandez at 407 Clutter Ave., San Antonio, TX 78214. (Doc. No. 6). On March 15, 2022, Plaintiffs filed an Affidavit of Service in support of their position that Mr. Fernandez was served with process. (Doc. No. 8). Private process server, Nick Kerr, declared under penalty of perjury that on March 9, 2022, he served Mr. Fernandez by leaving the Summons at 407 Clutter Ave., San Antonio, Texas with an individual who identified himself as Erik Ramirez, Mr. Fernandez's 23 year-old nephew. *Id.* Mr. Kerr stated that Erik Ramirez's car was parked in the driveway and that the car registered to Mr. Ramirez at the 407 Clutter Ave. address. *Id.* Mr. Kerr also documented two prior unsuccessful attempts at the same address. Notably, on March 3, 2022, Mr. Kerr spoke to Mr. Fernandez's mother, Maria Fernandez. She advised that Mr. Fernandez was at work, and she was not sure when he would return. *Id.* On March 5, 2022, attempted to serve Mr. Fernandez a second time at the Clutter Ave.

1

address. He again spoke to Ms. Fernandez who, for the first time, stated Mr. Fernandez did not reside at that address, however, she stated that Mr. Fernandez uses the Clutter Ave. address for mail delivery. *Id.*

Plaintiffs filed the pending Request for Entry of Default as to Mr. Fernandez on March 31, 2022. (Doc. No. 10). Pursuant to Local Rule 55.01,

> Motions for entry of default under Fed. R. Civ. P. 55(a) must be accompanied by an unsworn declaration under penalty of perjury under 28 U.S.C. § 1746 verifying, among other things, (i) proof of service; (ii) the opposing party's failure to plead or otherwise defend; (iii) if the opposing party is an individual, that the opposing party is not a minor or incompetent person; and (iv) if the opposing party is an individual, that the opposing party is not in the military service, as required by 50 U.S.C. § 3931(b)(1). Evidence from the Defense Manpower Data Center, or other reliable source, confirming that the opposing party is not in the military service must be appended to the unsworn declaration.

L.R. 55.01.

Federal Rule of Civil Procedure 4, allows an individual to be served in a judicial district of the United States by leaving a copy of the summons and complaint at the "individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(B). Upon review of the record, including the Declaration of counsel, R. Jan Jennings, (Doc. No. 11), the Declaration of Nick Kerr addressing Mr. Fernandez's military service, age, and competency status (Doc. No. 9), and the Affidavit of Service by Nick Kerr (Doc. No. 8), the Clerk finds that Plaintiffs have met their burden under Local Rule 55.01.

Plaintiffs Request for Entry of Default against Carlos Fernandez pursuant to Rule 55(a) is **GRANTED**.

s/ Lynda M. Hill
Lynda M. Hill
Clerk of Court

3